EWS/RWN
F. #2024R00065

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-                        STIPULATION & PROTECTIVE ORDER

STEPHAN DEGROAT and
NIDAL ISA,                             No. 25-CR-113 (KAM)

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

        IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

        1.     All material and information disclosed or produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, and/or pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), to the defendants STEPHAN DEGROAT and NIDAL ISA (each, a "Defendant"), and to each Defendant's counsel ("Defense Counsel"), by the government in the above-captioned case (hereinafter, the "Discovery Materials") shall be governed by this protective order (the "Protective Order").

        2.     Discovery Materials, however designated, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Discovery Materials, may be used by the Defendant, Defense Counsel and Defense Staff (which is defined as non-lawyer staff employed by Defense Counsel, as well as expert witnesses,

investigators and interpreters retained by Defense Counsel) only for the purposes of defending against the charges in the above-captioned case, including but not limited to preparation for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case.

3. Except as otherwise provided in this Protective Order, any and all Discovery Materials disclosed or produced to the Defendant and/or Defense Counsel by the government, and any copies, notes, transcripts, documents, and other information and materials derived or prepared from the Discovery Materials, shall not be further disclosed or disseminated by the Defendant, Defense Counsel, or Defense Staff to, or with, any individuals, organizations, or other entities.

4. None of the Discovery Materials nor any copies, notes, transcripts, documents, or other information and materials derived from or prepared from the Discovery Materials shall be disseminated to, or discussed with, the media in any form. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

5. If the Defendant obtains substitute counsel, the Defendant, Defense Staff, or Defense Counsel will not transfer any portion of the Discovery Materials or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials unless and until such counsel becomes counsel of record, has been provided a copy of this Protective Order, signs this Protective Order, and provides a signed copy to the government. Once substitute counsel has provided a signed copy to the government, and

following Defense Counsel's withdrawal from the above-captioned case, substitute counsel shall assume Defense Counsel's responsibilities under the Protective Order.

      6.      The government may identify certain Discovery Materials as sensitive discovery material (the "Sensitive Discovery Material"). The Defendant may review Sensitive Discovery Material only in the presence of Defense Counsel or Defense Staff. The Defendant is prohibited from having possession, custody, or control of the Sensitive Discovery Material, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Sensitive Discovery Material.

      7.      The Defendant, Defense Counsel and Defense Staff shall not obtain or create any copies of the Sensitive Discovery Material for disclosure or dissemination to any person other than Defense Counsel and Defense Staff.

      8.      Any documents, material, or information may be designated Sensitive Discovery Material only upon a good-faith belief by the government that such materials contain banking information or personal identifying information regarding individuals other than the defendant (collectively, "PII"). If the government and Defense Counsel do not agree that certain material should be designated as Sensitive Discovery Material, the Defendant may provide notice to the government and a reasoned explanation regarding why the Defendant does not believe the materials require treatment as Sensitive Discovery Material. To the extent the parties do not agree, the government may make an application to the Court and seek to establish good cause regarding why the material should be treated as Sensitive Discovery Material. The Defendant shall treat the material as Sensitive Discovery Material pending any determination by the Court. Defense counsel may petition the Court at any time to challenge the government's designation of material as "Sensitive Discovery Material."

9. If Defense Counsel chooses to share the Sensitive Discovery Material with the Defendant, a witness and/or a witness's counsel, that Sensitive Discovery Material must be shared in the presence of Defense Counsel or Defense Staff. In no case, however, may Defense Counsel or Defense Staff allow such a person to retain the Sensitive Discovery Material or any copies thereof or to create or retain work product based on Sensitive Discovery Material.

10. Prior to the Sensitive Discovery Material being disclosed or disseminated to Defense Staff, Defense Staff must be advised of and agree to be bound by the terms of this Stipulation and Order.

11. Any documents, material, or information determined to be Sensitive Discovery Material may be so designated by stamping the legend "SENSITIVE" on the document or by otherwise indicating to Defense Counsel the appropriate designation of the material or information. While each page of a sensitive document and its attachments may be marked, it shall be assumed that a sensitive designation on the first page of a document indicates the same sensitive designation for the entire document and its attachments, unless otherwise noted. Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated by appending to the media on which such a file or documents are produced, file name, or to the electronic folder in which the file is located, information indicating that the file contains SENSITIVE material.

12. The Defendant and Defense Counsel will return to the government the Discovery Materials, the Sensitive Discovery Material and all copies thereof, whether in the possession of the Defendant, Defense Counsel, Defense Staff or any other signatory to this Protective Order, when the Defendant concludes all efforts to defend against the charges in the above-captioned case and any superseding indictment, including but not limited to preparing for

trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case; except that Defense Counsel is permitted, in connection with counsel's ethical and professional obligations, to maintain one copy of the Discovery Materials indefinitely, including through the conclusion of this matter.

       13.    Nothing in this Protective Order shall preclude the government or the Defendant from seeking a further order pursuant to Rule 16(d) as to particular items of the Discovery Materials.

       14.    In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

       15.    Any violation of this Stipulation and Order (a) will require the immediate return to the Government of the Discovery Material, and (b) may result in contempt of Court.

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:   Brooklyn, New York
         April 11, 2025

JOHN J. DURHAM
United States Attorney
Eastern District of New York

By: _____
Eric W. Silverberg
Russell Noble
Assistant U.S. Attorneys

_____
STEPHAN DEGROAT
Defendant

_____
Kenneth Montgomery, Esq.
Counsel for Stephan DeGroat

_____
NIDAL ISA
Defendant

_____
Michael Weil, Esq.
Counsel for Nidal Isa

SO ORDERED.

Date: April 11, 2025

_____s/KAM_____
THE HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

6